IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**FREDERICK SMITH, Individually and on**     **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.     No. 4:22-cv-268

**WILLIAMSRDM, INC.**     **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiff Frederick Smith ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, for his Original Complaint—Collective Action ("Complaint") against WilliamsRDM, Inc. ("Defendant"), states and alleges as follows:

### I. PRELIMINARY STATEMENTS

1.  This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "FLSA").

2.  Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's failure to pay proper overtime compensation under the FLSA.

### II. JURISDICTION AND VENUE

3.  The United States District Court for the Northern District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Defendant employed Plaintiff at its facilities located in Fort Worth; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

### III.   THE PARTIES

5. Plaintiff is an individual and resident of Tarrant County.

6. Defendant is a domestic, for-profit corporation.

7. Defendant's registered agent for service of process is Della H. Williams, at 200 Greenleaf Street, Fort Worth, Texas 76107.

8. Defendant maintains a website at https://williamsrdm.com/.

### IV.   FACTUAL ALLEGATIONS

9. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

10. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce.

11. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

12. Defendant acted as the employer of Plaintiff and the proposed collective and is and has been engaged in interstate commerce as that term is defined under the FLSA.

13. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

14. Defendant employed Plaintiff as an hourly-paid Quality Assurance Inspector from April of 2019 until February of 2022.

15. Defendant also employed other hourly-paid employees to perform the work necessary to its business (hereinafter referred to as "hourly employees") within the three years preceding the filing of this lawsuit.

16. Defendant directly hired Plaintiff and other hourly employees, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

17. At all times material herein, Plaintiff has been classified by Defendant as nonexempt from the overtime requirements of the FLSA.

### A. Bonuses—Regular Rate Violation

18. In addition to his hourly wage, Plaintiff received bonus compensation pursuant to a written plan or a clear policy and/or practice.

19. The bonuses are repeating, nondiscretionary and paid on a schedule.

20. Upon information and belief, all or most hourly employees receive bonuses.

21. The bonus program is such a regular and meaningful part of employee compensation that all or almost all employees are aware of it at the time of hiring or shortly thereafter.

22. Plaintiff expected to, and did in fact, receive bonuses.

23. Plaintiff and other hourly-paid employees recorded their hours worked via an electronic time clock, which logged their hours into a payroll system maintained by Defendant.

24. Plaintiff and other hourly employees regularly or occasionally worked in excess of forty hours per week throughout their tenure with Defendant.

25. Defendant paid Plaintiff and other hourly employees 1.5x times their base hourly rate for the hours recorded over 40 in a week.

26. However, Defendant did not include the bonuses that were paid to Plaintiff and other hourly employees in their regular rates when calculating their overtime pay even though Plaintiff and other hourly employees received bonuses in pay periods in which they also worked in excess of forty hours per week.

27. Section 778.208 of Title 29 of the Code of Federal Regulations requires that all forms of compensation, such as non-discretionary bonuses, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

28. Defendant violated the FLSA by not including all forms of compensation, such the non-discretionary bonuses of Plaintiff and other hourly employees, in their regular rate when calculating their overtime pay.

29. Defendant's pay practices were the same for all hourly workers who received bonuses.

30. Because of the volume of work required to perform their jobs, Plaintiff and other hourly employees consistently worked in excess of forty hours per week.

31. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff and other hourly employees violated the FLSA.

### B.     Rounding—Off the Clock Work

32.     Plaintiff and other hourly employees recorded their hours worked via an electronic time clock, which logged their hours into a payroll system maintained by Defendant.

33.     Plaintiff and other hourly employees were assigned a "paid window" during which they could clock in and be paid, but if they clocked in outside that window, their time was rounded to the start of the paid window. Likewise, if they worked past the end of their paid window and then clocked out, their time was rounded back to the end of their paid window.

34.     Defendant's rounding practice resulted in hours worked by hourly employees which went unrecorded and uncompensated.

35.     Because Plaintiff and other hourly employees regularly worked over forty hours in a week, the hours which went uncompensated due to Defendant's rounding practices created additional overtime violations.

36.     Defendant knew or should have known that Plaintiff and other hourly employees were working hours off-the-clock for which they were not compensated.

37.     Upon information and belief, Defendant's clock-in and rounding policies were the same for all hourly employees.

38.     At all relevant times herein, Defendant has deprived Plaintiff and other hourly employees of proper overtime compensation for all of the hours worked over forty per week.

39.     Defendant knew or showed reckless disregard for whether the way it paid Plaintiff and other hourly employees violated the FLSA and AMWA.

## V.   REPRESENTATIVE ACTION ALLEGATIONS

40. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

41. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

   A. Regular wages and overtime premiums for all hours worked over 40 hours in any week;

   B. Liquidated damages; and

   C. Attorney's fees and costs.

42. Plaintiff proposes the following collective under the FLSA:

   **All hourly employees within the last three years who were paid for at least 39 hours in any week.**

43. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

44. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

45. The members of the proposed FLSA collective are similarly situated in that they share these traits:

   A. They were paid hourly;

B. They were eligible for and received nondiscretionary bonuses;

C. They worked over forty hours in at least one week in which they performed work related to a bonus; and

D. They were subject to Defendant's common policy of rounding their time in favor of Defendant;

E. They were subject to Defendant's common policy of failing to pay a proper overtime rate for hours worked over forty in a week.

46. Plaintiff is unable to state the exact number of the collective but believes that the collective exceeds 100 persons.

47. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

48. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

49. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI. FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

50. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

51. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

52. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

53. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

54. Defendant classified Plaintiff as nonexempt from the requirements of the FLSA.

55. Despite Plaintiff's entitlement to overtime payments under the FLSA, Defendant failed to pay Plaintiff 1.5x his regular rate for all hours worked in excess of 40 per week.

56. Defendant failed to pay Plaintiff for all hours worked.

57. Defendant knew or should have known that its actions violated the FLSA.

58. Defendant's conduct and practices, as described above, were willful.

59. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

60. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

61. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

62. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

63. Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

64. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

65. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40 in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

66. Defendant classified Plaintiff and other similarly situated employees as nonexempt from the overtime provisions of the FLSA.

67. Defendant failed to pay Plaintiff and similarly situated employees 1.5x their regular rate for all hours worked over 40 per week.

68. Defendant failed to pay Plaintiff and other similarly situated employees for all hours worked.

69. Defendant deprived Plaintiff and similarly situated employees of compensation for all of the hours worked over forty per week, in violation of the FLSA.

70. Defendant knew or should have known that its actions violated the FLSA.

71. Defendant's conduct and practices, as described above, were willful.

72. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

73. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

74. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Frederick Smith, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA and its related regulations;

B. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

  C. Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid overtime wages under the FLSA and its related regulations;

  D. Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA and its related regulations;

  E. An order directing Defendant to pay Plaintiff and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

  F. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**FREDERICK SMITH, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com